PÉREZ, PETITIONER, *v.* ROSSY, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 2.

No. 143.—Decided June 23, 1915.

SUNDAY CLOSING—APPEAL FROM JUDGMENT OF JUSTICE OF PEACE.—CONSTRUCTION OF LAW.—Section 3 of the Act of March 12, 1903, regulating appeals from judgments of justices of the peace, repeals all laws inconsistent therewith, and therefore repeals section 556 of the Penal Code which is inconsistent with the said act in regard to appeals from judgments rendered in actions for failure to close establishments on Sundays.

ID.—APPEAL FROM MUNICIPAL COURT.—The foregoing doctrine as to appeals from judgments of justices of the peace should be understood to have equal application to judgments of municipal courts in cases of violation of the provisions of section 553 of the Penal Code as amended by Act No. 24 of March 28, 1914, regarding Sunday closing.

The facts are stated in the opinion.
*Mr. M. Romany* for the petitioner
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 20, 1915, a complaint was filed against Tomás Pérez in the Municipal Court of Río Piedras charging him with having violated section 553 of the Penal Code, as amended by Act No. 24 of March 28, 1914, by wilfully, maliciously and unlawfully having his grocery store open in the ward of Río, Guaynabo, of the judicial district of Río Piedras, at 2:15 p. m. on Sunday, April 18, 1915.

On April 28, 1915, after trial, the Municipal Court of Río Piedras found Pérez guilty of the offense charged and sentenced him to pay a fine of $10 and the costs or, in default thereof, to be imprisoned in the municipal jail of Río Piedras one day for each dollar of the fine and costs not paid.

The defendant appealed from the foregoing judgment to the District Court for the Judicial District of San Juan which by its decision of May 29, on motion of the *fiscal*, ordered the case to be remanded to the lower court and there proceeded with according to law on the ground that it had no jurisdiction.

The foregoing facts are alleged by Tomás Pérez in a petition for a writ of *certiorari* against Jesús María Rossy, Judge of the District Court of San Juan, Section 1, praying that the said decision of May 29, 1915, be set aside and a new trial ordered according to law. The said facts are shown also from an examination of the transcript of the record which is before this court by virtue of a writ of *certiorari* issued on June 4.

The only question of law to be decided in this *certiorari* proceeding is whether Judge Jesús María Rossy has jurisdiction of the appeal from the judgment rendered by the Municipal Court of Río Piedras, or whether he lacks such jurisdiction because section 556 of the Penal Code does not authorize such an appeal.

This is not the first time this question has been raised before this court. It has been considered already in the case of *Collazo* v. *Justice of the Peace*, 15 P. R. R., 487, in which we said:

"The question presented for discussion is whether section 556 of the Penal Code was amended by the Act of March 12, 1903, Session Laws, 1903, page 43. The *fiscal* urges that section 556 covers the whole subject-matter of appeals with respect to Sunday closing and is a matter of substantive law; but it evidently also included a matter of procedure such as an appeal when the fine exceeded $10. The subject-matter of appeals was covered by the Act of March 12, 1903.

Therein section 48 of the Code of Criminal Procedure was amended and the same subject-matter treated in section 29 as amended by such act. The words of that section are general and give a right to appeal from all judgments of Justices of the Peace. Section 3 of the same Act of March 12, 1903, page 46, repeals all laws or parts of law inconsistent with such law, and we see no reason for excepting from its operation the special law with regard to Sunday closing. Section 556 of the Penal Code is now inconsistent with the later law making a somewhat different system of appeals from justices of the peace."

What we have said regarding appeals from judgments of justices of the peace should be understood to have equal application to judgments of municipal courts in cases of violation of the provisions of the Penal Code regarding Sunday closing.

The penalty fixed for the violation of section 553 of the Penal Code, as originally enacted, was a fine of not less than five dollars nor more than ten dollars for the first offense, and for each subsequent offense, a fine of not less than ten dollars nor more than twenty-five dollars, with a right of appeal to the proper district court in all cases in which the fine imposed, including the costs, shall exceed ten dollars. These penalties were first modified by Act No. 131 of August 9, 1913, the first section of which amended section 553 of the Penal Code and provided that every violation of the said section should constitute a crime punishable by a fine of not more than fifty dollars. The law now in force (Act No. 24, approved March 28, 1914, entitled An Act to amend section 553 and to re-enact section 554 of the Penal Code) also modified the previous penalty by making any violation of said section punishable by a fine of not more than one hundred dollars nor less than ten dollars, or by imprisonment in jail for a maximum term of thirty days.

The statutes above cited establish no limitation to the right of appeal from judgments of municipal courts in cases relating to the closing of establishments.

The judgment of the Municipal Court of Río Piedras of April 28, 1915, is appealable to the District Court of San Juan and the judge of the second section thereof erred in holding that he had no jurisdiction of the appeal taken by Tomás Pérez.

The decision of the District Court of San Juan, Section 2, of May 29, 1915, is set aside and the case remanded to be proceeded with according to the principles herein laid down.

*Decision set aside and case remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.